IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| United States of America ) | |
| ) | Case No. 14-cv-1588 |
| v. ) | |
| ) | Judge Joan B. Gottschall |
| Mario Reeves. ) | |

**MEMORANDUM OPINION AND ORDER**

After a one-week trial, a jury convicted Mario Reeves and one of his co-defendants of charges stemming from their participation in a heroin distribution operation. *See* Superseding Indictment, Cr. ECF No. 336; Verdict Form, Cr. ECF No. 593.[1] In 2011, this court sentenced Reeves to serve a 25-year prison term. J. 3., Cr. ECF No. 760. The 20-year mandatory minimum that applied to Reeves had two components. First, the quantity of heroin for which the jury held Reeves accountable (1 kilogram or more) triggered a 10-year mandatory minimum under the Controlled Substances Act (CSA).[2] *See* 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A)(i), 846. Second, Reeves's mandatory minimum doubled to 20 years because the government alleged by information (Cr. ECF No. 397), and the court found at sentencing, that his 2004 convictions in Illinois state court for possession and delivery of cocaine qualified as "felony drug offenses" under the CSA, 21 U.S.C. § 841(b)(1)(E)(ii). Reeves's amended 28 U.S.C. § 2255 motion to correct his sentence is before the court. Reeves argues that his 2004 Illinois convictions no longer qualify as felony drug offenses after *Mathis v. United States*, 579 U.S. 500 (2016). Reeves seeks resentencing based on a 10-year mandatory minimum. The government responds

---

1   Citations to "Cr. ECF No." refer to the docket of Reeves's criminal case no. 07-cr-614. Citations to "Civ. ECF No." refer to the docket of Reeves's § 2255 proceeding, case no. 14-cv-1588.

2   Title II of the Comprehensive Drug Abuse Prevention and Control Act of 1970, as amended, Pub. L No. 91-513, 91 Stat. 1236.

that Reeves's *Mathis* claim is untimely, and Reeves invokes the doctrine of equitable tolling in reply. *See* 28 U.S.C. § 2255(f)(1), (3).

## I. Background

Thirteen defendants were indicted in this case in connection with a heroin distribution operation known as the "Poison Line." *See* Superseding Indictment 1–2, Cr. ECF No. 336; Indictment 1, Cr. ECF No. 306; *United States v. Reeves*, 695 F.3d 637, 638 (7th Cir. 2012). All defendants except Reeves and Marshawn Wright entered guilty pleas. The jury convicted Reeves on all counts in which he was named. Verdict Form, Cr. ECF No. 593.

Count 1 charged all defendants with conspiring to possess one kilogram or more of heroin with intent to distribute on specific dates in 2006–07. Superseding Indictment 1–6, Cr. ECF No. 336. Counts 3 and 5 alleged that Reeves and others possessed heroin (no quantity stated) with intent to distribute on specific dates in 2007. *Id.* at 8, 10. The remaining counts in which Reeves was named, not at issue here, alleged violations of 21 U.S.C. § 843(b) on various dates. *See id*. at 14–15, 17–19. These offenses are commonly referred to as "phone counts" because they involve the use of a communication facility, often a phone, to further a federal drug offense. *See, e.g.*, *United States v. Wilbourn*, 799 F.3d 900, 905 (7th Cir. 2015); 21 U.S.C. § 843(b). The phone counts carried a maximum sentence of eight years. *See* § 843(d)(1).

"Section 851 requires the government to give notice of a request for a sentencing enhancement for certain predicate criminal offenses." *Reeves*, 695 F.3d at 638. The government filed a pretrial § 851 information indicating that it intended to rely on two offenses to which Reeves pleaded guilty in Cook County Circuit Court on September 14, 2004: (i) possession of a controlled substance in violation of 720 Ill. Comp. Stat. § 570/402(c) (2002); and (ii) manufacturing/delivering cocaine in violation of 720 Ill. Comp. Stat. § 570/401(d) (2004). Information 1, Cr. ECF No. 397. Both offenses served as predicates for Reeves's § 851

enhancement. *See* Sent. Tr. 120–27, Cr. ECF No. 780 (hearing held May 2, 2011); Corrected Presentence Investigation Report ("PSR") 18, Cr. ECF No. 772.

### A. Sentencing and Appeal

This court adopted the findings of Reeves's Presentence Investigation Report ("PSR") as modified at the sentencing hearing. *See* J. & Stmt. of Reasons 10, Cr. ECF No. 760; Corrected PSR. Reeves's range of imprisonment under the advisory United States Sentencing Guidelines was 30 years to life based on a total offense level of 43 and a criminal history category of IV. J. & Stmt. of Reasons 10. Thus, Reeves's 25-year sentence exceeded the statute's 20-year mandatory minimum but represented a downward departure from the advisory guidelines range. *See* J. & Stmt. of Reasons 14–15 (setting forth the court's reasons for the downward departure); Sent. Tr. 277, Cr. ECF No. 781 (hearing held May 20, 2011).

On appeal, Reeves advanced an argument rejected by this court at sentencing (*see* Suppl. Resp. to § 851 Information at 3–4, Cr. ECF No. 681). He "claimed that the attorney representing him during his 2004 guilty plea in state court did not inform him that a guilty plea could be used against him later to trigger a statutory sentencing enhancement in federal court." *Reeves*, 695 F.3d at 639; *see* Sent. Tr. 125–27. The Seventh Circuit affirmed, and the Supreme Court denied certiorari. *Reeves*, 695 F.3d at 639–41, *cert. denied* 568 U.S. 1239 (2013). The Seventh Circuit ruled that Reeves's appeal was controlled by *Lewis v. United States*, 902 F.2d 576, 577 (7th Cir. 1990), and held that "it was not unreasonable . . . for Reeves' attorney in the 2004 proceedings to fail to advise his client that a guilty plea could result in a later sentencing enhancement for a future crime." 695 F.3d at 640–41.

### B. Section 2255 Motion

Reeves filed his original § 2255 motion and supporting memorandum without a lawyer in 2014. Civ. ECF Nos. 1 and 3. He asserted Sixth Amendment ineffective assistance of counsel

claims based on the performance of his lawyers at the plea bargaining, trial, and appellate stages. *See* Civ. ECF No. 1 at 4–5; Mem. Supp. Orig. § 2255 Mot. at 5–25, Civ. ECF No. 3. As discussed below, Reeves avers that he hired a lawyer to investigate and supplement his § 2255 motion in 2015, but the lawyer abandoned him.

On April 19, 2019, attorney Thomas Hallock filed a notice of appearance for Reeves. Civ. ECF No. 10. Nothing else was filed until this court ordered the parties to brief certain issues on January 15, 2020. *See* Briefing Order, Civ. ECF No. 12. This court found that, construed liberally, Reeves's *pro se* § 2255 motion and memorandum raised a freestanding due process claim under *Napue v. United States*, 360 U.S. 264 (1959). The court provided the parties with an opportunity to brief the *Napue* claim, as well as the proper prejudice standard for Reeves's ineffective assistance of counsel claims based on *Napue*. *See id.* at 2–3. The government was also requested to explain the evidentiary basis for two statements made in its original response brief. *See id.* at 3–4.

Through Hallock, Reeves responded to the briefing order by filing, on January 17, 2020, an unopposed motion entitled "Motion for Leave to Supplement and Amend" his § 2255 motion. Civ. ECF No. 13 at 1. Reeves sought 90 days in which "to supplement or amend" his § 2255 motion. *Id*. at 2. Hallock did not specify what amendments he intended to make, though he represented that he expected "any supplemental filings to principally align with the Court's [briefing] Order entered on January 15, 2020." *See id.* The court granted the motion and set a deadline of April 17, 2020, to file "any amended or supplemental petition." Minute entry, Civ. ECF No. 16 (Jan. 17, 2020).

The COVID-19 pandemic caused widespread disruption in the ensuing months. Three general orders regarding the pandemic were entered on the docket of this case. *See* First,

Second, & Third Am. N.D. Ill. Gen. Order Nos. 20-0012, Civ. ECF Nos. 17, 18, and 20. These orders, which were entered in all civil cases in this district, extended "all deadlines, whether set by the court, the Rules of Civil Procedure, or the Local Rules" by a combined total of 77 days.[3] *See* First Am. Gen. Order No. 20-0012 ¶ 1; Second & Third Am. Gen Order Nos. 20-0012 ¶ 2. Without opposition from the government, Reeves obtained two additional extensions of 28 days each beyond the COVID-19-ordered extensions based on representations that, due to prison lockdowns imposed in the wake of the COVID-19 outbreak, "counsel's communication with his client ha[d] been delayed and impeded, as ha[d] counsel's ability to obtain potentially material documents." *See, e.g.*, Civ. ECF Nos. 22 ¶ 5 and 25. Again without opposition, Hallock obtained a final 14-day extension to allow his client to review his draft amended § 2255 motion. Civ. ECF No. 29 at 1. In none of these motions did Hallock indicate the nature of the amended claim(s) he intended to raise. *See* Civ. ECF Nos. 22, 26, and 29.

Reeves filed his "Amended Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255" on August 31, 2020. Civ. ECF No. 31. The amended motion consisted of a memorandum of law and 16 pages of legal argument limited to a single claim—that Reeves is entitled to resentencing under *Mathis*. *See id*. at 1–16. The amended motion did not discuss the grounds asserted in Reeves's *pro se* § 2255 motion or the court's briefing order. *See id*.

In its response to Reeves's amended § 2255 motion, the government began by addressing the matters raised in the briefing order and elaborating upon its argument for dismissing the grounds set forth in Reeves's original § 2255 motion. *See* Civ. ECF No. 36 at 4–19. The

---

3    These orders did not extend "the rights to or deadlines concerning any **appeal** from any decision of this Court." First Am. Gen. Order No. 20-0012 ¶ 2; Second & Third Am. Gen. Order Nos. 20-0012 ¶ 2(a) (emphasis in original). How, if at all, these orders and the unopposed extensions this court granted in June–August 2020 affect the equitable tolling analysis has not been briefed.

government also contended that Reeves's claim based on *Mathis* is untimely, as it was not filed within one year of that June 23, 2016, decision, *see* 28 U.S.C. § 2255(f)(1) and (3), and that Reeves's amended § 2255 motion does not relate back to the filing date of his original motion under Rule 15(c) of the Federal Rules of Civil Procedure. *See id.* at 19–25. In reply, Reeves focused exclusively on his *Mathis* claim. *See* Civ. ECF No. 37. Based on an affidavit and an exhibit attached to his reply, Reeves argued that the one-year limitation period for filing his *Mathis* claim should be equitably tolled because a lawyer he hired in 2015 to represent him in his § 2255 proceeding abandoned him and never filed an appearance. *See id.* at 3–7.

Reeves's affidavit states in part:

> In the winter of 2015 I contacted, Beau Brindley, concerning my previous § 2255 motion I had filed on March 16, 2014 in the court pro se. . . . At the conclusion of the said phone conversation, it was agreed between Mr. Brindley and I that Mr. Brindley would notify the Court with a formal notice of appearance in the above-captioned case number as my attorney of record in the proceeding. Mr. Brindley also informed me that he would supplement the § 2255, because it was already filed before he'd join on to the case. I then asked Mr. Brindley the total cost for his representation of me in this proceeding. Mr. Brindley quoted me a $12,000 fee. I, in turn, informed Mr. Brindley that I didn't have the total $12,000 at that time, but we agreed that he would be retained for an up front fee [of] $5,000 . . . to be brought to his office by my mother, Kimberly Reeves, on the condition that Mr. Brindley would make an appearance as counsel of record. My mother, Kimberly Reeves ultimately met with Mr. Brindley in the month of February, 2015 to pay the $5,000 retainer in cash. It was understood by all parties from that day forward that the remaining balance of $7,000 would be paid [in] installments. After paying [the] initial retainer fee, I had no reason to expect that Mr. Brindley wouldn't be monitoring my case. However, not soon after I noticed Mr. Brindley started to exhibit elusive behavior, as it became very hard to communicate, as he wasn't available via phone or through correspondence (written). I would call Mr. Brindley's office weekly to get an updated status on my case. Mr. Brindley lied, telling me he had just filed this or that in my case. So, I would after speaking to Mr. Brindley call down to the clerk of this court to check and see if he had actually filed anything in my case, as much as a notice of appearance of counsel. I would, in turn, be informed by the court's clerk office of the latest docket entry as reflecting only the pro se filing as the last docket entry in the case under the above-captioned case number. . . . In the rare times that I was fortunate to talk directly to Mr. Brindley, he would quell my questions as to his inaction with the "new pending developments" in case law that'll directly apply to my case and situation, once ruled

6

> on. . . . [In or around summer of 2016,] he again informed me that he had recently filed motions in the case, but was waiting on a particular ruling in the higher court to perfect his proposed amendment to my § 2255 motion; and; furthermore, that he had been tied up with major trial. . . . [I]n the fall of 2018, I had my uncle . . . go by Mr. Brindley instead of my mother. He explained to my uncle that he wasn't going to be able to represent me in this case, and wrote my mother a check for $5,000. By now, its spring of 2019, which is when I spoke with Thomas Hallock about representing me in this proceeding, which he agreed and he informed me that Mr. Brindley never filed anything in my case not so much as a notice of appearance.

Reeves Aff. 1–4, Civ. ECF No. 37-1.

Reeves also attached an excerpt of his mother's bank records to his reply. Civ. ECF No. 37-2. According to the records, two checks issued by the Law Offices of Beau Brindley, totaling $5,000, were deposited in November 2018. *Id.* at 1.

## II. Pending Grounds for Relief

Among other things, a § 2255 motion must "specify all the grounds for relief available to the moving party." R. Governing § 2255 Proceedings for the U.S. Dist. Cts. 2(c)(1). The orders granting and/or extending Reeves's motions for additional time set deadlines for filing an "amended or supplemental petition." *E.g.*, Civ. ECF No. 27; *see also* Civ. ECF No. 13 ¶¶ 7, 8. The title and substance of the revised motion that was ultimately filed make Reeves's intent clear: "Amended Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 and Memorandum in Support." Civ. ECF No. 31 at 1; *see also id.* at 5, 17. Reeves's ineffective assistance claims are not mentioned. *See* Am. § 2255 Motion *passim*. Reeves's reply brief likewise focuses exclusively on his *Mathis* claim, despite the government's arguments in response to his original § 2255 grounds. *See* Resp. to Am. § 2255 Mot. 4–19, Civ. ECF No. 36; Reply; Civ. ECF No. 37.

"When an amended complaint is filed, the prior pleading is withdrawn and the amended pleading is controlling." *Johnson v. Dossey*, 515 F.3d 778, 780 (7th Cir. 2008); *see also, e.g.*, *Auto Driveaway Franchise Sys., LLC v. Auto Driveaway Richmond, LLC*, 928 F.3d 670, 674

7

(7th Cir. 2019) (quoting *Wellness Cmty.-Nat'l v. Wellness House*, 70 F.3d 46, 49 (7th Cir. 1995)). Like an amended complaint, an amended § 2255 motion supplants the original, leaving only the grounds asserted in the amended motion pending. *See Vitrano v. United States*, 643 F.3d 229, 234 (7th Cir. 2011) (citing *Flannery v. Recording Indus. Ass'n of Am.*, 354 F.3d 632, 638 n. 1 (7th Cir. 2004)). Accordingly, Reeves withdrew the ineffective assistance of counsel grounds asserted in his original § 2255 motion when he amended it. The only claim before the court is Reeves's *Mathis* claim.

### III. Analysis

The Controlled Substances Act prescribes an enhanced, 20-year minimum sentence if the defendant has been convicted of a predicate "felony drug offense." 21 U.S.C. § 841(b)(1)(E)(ii). The term "felony drug offense" means "an offense that is punishable by imprisonment for more than one year under any law of the United States or of a State or foreign country that prohibits or restricts conduct relating to narcotic drugs, marihuana, anabolic steroids, or depressant or stimulant substances." 21 U.S.C. § 802(44). Federal courts apply the categorical approach of *Taylor v. United States*, 495 U.S. 575 (1990), to determine whether a predicate offense meets this definition. *United States v. Ruth*, 966 F.3d 642, 646 (7th Cir. 2020), *cert. denied,* 141 S. Ct. 1239 (2021) (citing *United States v. Elder*, 900 F.3d 491, 497–501 (7th Cir. 2018)).

Under the categorical approach, the court askes "whether the elements of the crime of conviction match the elements of the federal recidivism statute." *Id.* (citing *Elder*, 900 F.3d at 501). "If, and only if, the elements of the state law mirror or are narrower than the federal statute can the prior conviction qualify as a predicate felony drug offense." *Id.* (quoting *United States v. De La Torre*, 940 F.3d 938, 948 (7th Cir. 2019)). *Mathis* clarified how the categorical approach applies when a legislature specifies several means of committing a crime but does not intend to make each separate means an element of the crime. *See Mathis*, 579 U.S. at 505–07;

*Chazen v. Marske*, 938 F.3d 851, 858–59 (7th Cir. 2019). For example, the Iowa statute at issue in *Mathis* defined the offense to include unlawful entry into a building, structure, land, or water, intending each to be not a separate crime but "alternative ways of satisfying a single locational element." *Mathis*, 579 U.S. at 507. *Mathis* adopted an "elements only" approach, meaning that courts should compare only the statutory elements. *See id.* at 510; *Chazen*, 938 F.3d at 859. "[A] court may not look behind the elements of a generally drafted statute to identify the means by which a defendant committed a crime." *Mathis*, 579 U.S. at 516 (citing *Descamps v. United States*, 570 U.S. 254, 258 (2013)).

Reeves argues that the Illinois cocaine possession and distribution statutes of which he was convicted in 2004 have an element that the cognate offenses of the federal Controlled Substances Act do not and that *Mathis* prohibits the court from consulting other materials to determine the means by which he committed those offenses. *See* Am. § 2255 Motion 7. Reeves is correct that Illinois's definition of cocaine prohibits possession and distribution of optical, positional, and geometric isomers while the federal CSA's definition does not include positional isomers. *Compare* 720 Ill. Comp. Stat. § 570/206(b)(4) (2000), *with* 21 U.S.C. § 812, Schedule II(a)(4) (2000); *accord Ruth*, 966 F.3d at 647. Based on reasoning very similar to Reeves's arguments, the Seventh Circuit applied the elements-only approach to find that an Illinois cocaine possession conviction could not be used as the basis for an § 851 enhancement in *Ruth*. 966 F.3d at 647–50. After canvassing the Illinois and federal definitions of cocaine, the *Ruth* court held, "On its face, . . . the Illinois statute is categorically broader than the federal definition." *Id.* at 647.

Resolving the merits of Reeves's *Mathis* claim would seem to require no more than a straightforward application of *Ruth*. Indeed, the government does not argue that Reeves's 2004

convictions can support a § 851 enhancement after *Mathis* and *Ruth*. Instead, the government maintains that this court cannot reach the merits of Reeves's argument because it is untimely.[4] *See* Resp. to Am. § 2255 Mot. 19–25.

A § 2255 motion must be brought within one year of any of four triggering events. *See* § 2255(f). Two such events are potentially at issue here.

First, under § 2255(f)(3), the limitations period starts running on "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." As the Seventh Circuit recently stated, "Our Circuit has not always taken a uniform approach to answering questions about *Mathis*'s retroactivity." *Plunkett v. Sproul*, 16 F.4th 248, 254 n.2 (7th Cir. 2021), *reh'g denied,* 2022 WL 385911 (7th Cir. Feb. 8, 2022) (citing *Chazen*, 983 F.3d at 861, and *Liscano v. Entzel*, 839 F. App'x 15, 16 (7th Cir. 2021)); *see also Chazen*, 938 F.3d at 863 (Barrett, J., concurring). But in the context of the limitations period for filing a § 2255 motion, the recent opinion of the Seventh Circuit in *Franklin v. Keyes* makes clear that "*Mathis* . . . did not restart the limitations clock under § 2255(f)(3)." 2022 WL 1000566, at *8 (7th Cir. Apr. 4, 2022). In other words, under *Franklin*, the Supreme Court's 2016 decision in *Mathis* did not start a new one-year period under § 2255(f)(3).[5]

---

4  Language in an unpublished Seventh Circuit case decided after the present round of briefing was completed can arguably be read as suggesting that *Mathis*-type arguments similar to those advanced by Reeves were available to him when he filed his direct appeal. *See Liscano v. Entzel*, 839 F. App'x 15, 16–17 (7th Cir. 2021) (unpublished) (citing *United States v. Woods*, 576 F.3d 400 (7th Cir. 2009)). This issue has not been briefed by the parties nor raised by the government, and the court implies no view on it.

5  The habeas petitioners in *Franklin* and *Chazen* both obtained relief because the Seventh Circuit found that § 2255 was unavailable to them. Both cases hold that the petitioner had satisfied the requirements of § 2255(e)'s savings clause (based on the unavailability of § 2255), allowing the petitioners to raise their *Mathis* claims under § 2241. *Franklin*, 2022 WL 1000566, at *8–9; *Chazen*, (continued on next page)

10

Second, under § 2255(f)(1), the one-year deadline for filing a § 2255 motion begins running on the "date on which the judgment of conviction becomes final." For purposes of this provision, a "judgment of conviction becomes final when the Supreme Court denies a petition for certiorari, regardless of whether a defendant then seeks rehearing before the Supreme Court." *Lombardo v. United States*, 860 F.3d 547, 551 (7th Cir. 2017) (citing *Robinson v. United States*, 416 F.3d 645, 650 (7th Cir. 2005)). Reeves filed his original § 2255 motion less than a year after the Supreme Court denied certiorari on March 18, 2013. *See* 568 U.S. 1239; Civ. ECF Nos. 1, 3 (Mar. 6, 2014). But Reeves's amended motion was filed more than six years later. Civ. ECF No. 31.

The government argues that Reeves's amended § 2255 motion does not relate back to the filing date of his original motion under Rule 15(c)(1)(A) of the Federal Rules of Civil Procedure, but Reeves makes no argument for relation back in his reply. *See* Resp. to Am. § 2255 Mot. 19–22; Reply 3–7. He instead relies exclusively on the doctrine of equitable tolling and his allegations that the attorney he hired in 2015 to assist with his § 2255 motion, Beau Brindley, abandoned him. *See* Reply 3–7. Reeves's failure to advance any argument for relation back in his reply brief, which was filed by counsel, results in waiver of the issue. *See White v. United States*, 8 F.4th 547, 552 (7th Cir. 2021).

---

938 F.3d at 861–63; *see also Holmes v. Hudson*, 2020 WL 5530116, at *2–3 (N.D. Ill. Sept. 15, 2020). While a § 2255 motion must be filed in the court that sentenced the defendant, a § 2241 petition must be filed in the district where the petitioner is incarcerated. *Wyatt v. United States*, 574 F.3d 455, 459–60 (7th Cir. 2009) (citing *Moore v. Olson*, 368 F.3d 757, 758-59 (7th Cir. 2004)). If Reeves were confined in a district within the Seventh Circuit, he would have an argument for presenting his *Mathis* claim through the § 2255(e) savings clause gateway opened in *Franklin* and *Chazen*. But Reeves is presently in custody in the Southern District of Mississippi. The Fifth Circuit has consistently held in unpublished opinions that *Mathis*-based claims do not fall within the savings clause. *Pisciotta v. Harmon*, 748 F. App'x 634, 635 (5th Cir. 2019); *Carter v. Blackmon*, 732 F. App'x 268, 269 (5th Cir. 2018); *Jenkins v. Harmon*, 736 F. App'x 73, 73 (5th Cir. 2018) (all cases per curiam and unpublished).

11

The general rule that "arguments raised for the first time in a reply brief are waived because they leave no chance to respond" does not apply to Reeves's equitable tolling argument, however. *Id.* (citing *Wonsey v. City of Chi.*, 940 F.3d 394, 398 (7th Cir. 2019) and *United States v. Vitrano*, 747 F.3d 922, 925 (7th Cir. 2014)) (applying rule in a § 2255 proceeding); *see also, e.g.*, *Gonzales v. Mize*, 565 F.3d 373, 382 (7th Cir. 2009); *Amerson v. Farrey*, 492 F.3d 848, 852 (7th Cir. 2007). That is because the government raised timeliness for the first time in its response brief, so Reeves's reply afforded him his first opportunity to respond and invoke equitable tolling.[6] Strict application of the waiver doctrine would therefore be unfair to Reeves. *See United States v. All Assets & Equip. of W. Side Bldg. Corp.*, 58 F.3d 1181, 1191 (7th Cir. 1995) (holding that argument parties raised for the first time in their reply brief was not waived "because they raised the matter at the first opportunity").

"Equitable tolling is 'rare' and 'reserved for extraordinary circumstances far beyond the litigant's control that prevented timely filing.'" *Boulb v. United States*, 818 F.3d 334, 340 (7th Cir. 2016) (quoting *Socha v. Boughton*, 763 F.3d 674, 684 (7th Cir. 2014)). To obtain equitable relief from the one-year limitations period, Reeves "must show (1) that he has been pursuing his rights diligently; and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Lombardo*, 860 F.3d at 551 (citing *Holland v. Florida*, 560 U.S. 631, 649 (2010)) (other citation omitted). Reeves relies primarily on *Holland*, a case in which an attorney's errors caused a death row inmate to lose his opportunity to pursue habeas corpus relief. Remanding for further evidentiary development, the Supreme Court held that equitable

---

6   The summary of the case's background on pages 4–5 of Reeves's amended § 2255 motion includes some of the facts on which Reeves's equitable tolling argument is based. However, Reeves did not connect those facts to the equitable tolling doctrine until his reply brief and did not submit evidence supporting his factual assertions until he filed his reply.

12

tolling was potentially available based on "an attorney's prolonged pattern of neglect and detachment from his client, involving years of directions that went unheeded, pleas for information that went unanswered, and requests for substitution of counsel that were denied." *Lombardo*, 860 F.3d at 553 (citing *Holland*, 560 U.S. at 652–53); *see also Holland*, 560 U.S. at 635–43. By contrast, " 'a garden variety claim of excusable neglect,' such as a simple 'miscalculation' that leads a lawyer to miss a filing deadline, does not warrant equitable tolling." *Holland*, 560 U.S. at 651–52 (internal citations omitted). This rule has been justified on the ground that, absent complete abandonment or egregious attorney error as present in *Holland*, an "attorney is the petitioner's agent when acting, or failing to act, in furtherance of the litigation, and the petitioner must 'bear the risk of attorney error.' " *Lombardo*, 860 F.3d at 552 (quoting *Coleman v. Thompson*, 501 U.S. 722, 753 (1991)).

Reeves must demonstrate diligence during the entire period for which he seeks equitable tolling. *See, e.g., Socha*, 763 F.3d at 687. His evidence leaves large gaps. He avers that he hired Brindley in February 2015 to research and supplement his § 2255 motion. Reeves Aff. 2, Civ. ECF No. 37-1. But Reeves does not explain his delay of eleven months (from March 2014 to February 2015) in hiring Brindley–a delay nearly as long as the limitations period itself. *See id.*

Assuming that Reeves has demonstrated that Brindley abandoned him, the abandonment ended, as far as the present record shows, no later than November 2018, when Reeves's mother deposited Brindley's checks returning the retainer she paid him. *See* Civ. ECF No. 37-2. Hallock filed his appearance about five months later in April 2019, Civ. ECF No. 10, but he filed nothing else in this case until January 2020, by which time more than a year had passed since Brindley's checks had been deposited by Reeves's mother. In all, approximately 22 months

13

passed between November 2018, when Brindley returned Reeves's mother's payment and the date (August 31, 2020) on which Reeves filed his amended § 2255 motion. Reeves has provided no evidence or argument attempting to show that he was diligently pursuing his rights in this 22-month period. *See United States v. Trzeciak*, 2010 WL 4362808, at *2–4 (N.D. Ind. Oct. 26, 2010).

Reeves asks the court to focus on a different time period. He contends that the most important period is the year after *Mathis* was decided on June 23, 2016. *See* Reply 6–7. He avers that Brindley assured him in 2016 that he was awaiting legal developments, which Reeves now interprets as a reference to the pendency of *Mathis*. Reeves Aff. 3; Reply 6. Reeves argues that he lost his best opportunity to bring a *Mathis* claim within one year of that decision because he reasonably relied on Brindley's statements to him in 2016. Reply at 6–7.

This line of argument has at least two serious problems. First, it rests on a legal premise that the Seventh Circuit recently rejected in *Franklin*, namely, that in 2016 *Mathis* restarted the one-year limitations period under § 2255(f)(3). *See Franklin*, 2022 WL 1000566, at *8. Reeves has waived any argument that his *Mathis* claim relates back to the filing date of his original § 2255 motion. So Reeves's *Mathis* claim would have been untimely even if filed within one year of *Mathis*.

Second, unlike the petitioner in *Holland*, who was thwarted in his efforts to get information about his case from the courts, Reeves avers that he called this court's clerk's office and discovered that Brindley had filed nothing, not even his appearance, yet Reeves continued to rely on Brindley's assurances for years. *See* Reeves Aff. 2. Reeves never filed anything with this court, though his original § 2255 motion shows he knew how to do so. Reeves's inactivity has not been justified. The evidence he has submitted to date falls well short of demonstrating

14

that he diligently pursued his claims. *Cf. Holland*, 560 U.S. at 651–52; *Socha*, 763 F.3d at 687–88 (finding petitioner acted diligently where he persisted and tried multiple tactics, including writing a supervisor, after his efforts to obtain his case file from his former lawyer proved unavailing).

The court nevertheless declines to resolve the equitable tolling issue definitively because, though his reply brief was Reeves's first opportunity to raise equitable tolling, the fact remains that the government has not been heard on the issue, and the court has not received adversary briefing on it. In addition, all the briefing preceded *Franklin*. Because Reeves's arguments to date regarding his diligence presuppose a rule contrary to *Franklin*, he will be given an opportunity to present any additional evidence supporting his request for equitable tolling he considers appropriate.

### IV. Conclusion

For the reasons stated, Reeves has until and including May 23, 2022, to file a supplemental memorandum of law and any additional evidence he wishes the court to consider. The government's response brief is due on or before June 20, 2022.

Dated: April 11, 2022                                   /s/
                                                  Joan B. Gottschall
                                                  United States District Judge